**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH (973) 645-4693
BANKRUPTCY JUDGE Fax: (973) 645-2606

<u>**NOT FOR PUBLICATION**</u>

FILED
JAMES J. WALDRON, CLERK

**APRIL 5, 2011**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

April 5, 2011

<u>**LETTER OPINION**</u>
<u>**ORIGINAL FILED WITH THE CLERK OF THE COURT**</u>

Dell'Italia, Affinito & Santola Stark & Stark P.C.
John P. Dell'Italia, Esq. Marshall T. Kizner, Esq.
18 Tony Galento Plaza 993 Lenox Drive, Bldg. 2
Orange, New Jersey 07050 P.O. Box 5315
*Counsel for Debtor* Princeton, New Jersey 08543
 *Counsel for University Heights*
 *Neighborhood Condominium Association*

Re: **Valcy I. Brown, Debtor**
 <u>**Case No. 09-14949 (DHS)**</u>

Dear Counsel:

 Before the Court is a motion by the Debtor, Valcy I. Brown ("Debtor"), to compel the University Heights Neighborhood Condominium Association, Inc. ("Association") to release the Debtor's account with reimbursement of bank fees and a cross-motion by the Association for attorney's fees and costs. At issue is whether a debtor in a no-asset bankruptcy case is responsible for post-petition condominium association fees where she is not in possession of the property and the Chapter 7 Trustee abandoned the property, yet the Debtor nevertheless continues to hold legal title.

Page 2
April 5, 2011

For the reasons that follow, the Debtor's motion is denied and the cross-motion for fees and costs is denied. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I). Venue is proper under 28 U.S.C. § 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## STATEMENT OF FACTS

The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 28, 2009. One of the Debtor's assets was a condominium located in Newark, New Jersey ("Condo"). At oral argument, Debtor's counsel informed the Court that his client "surrendered" the Condo to the Association, prior to filing her petition, by turning over the keys and physically vacating the property. The Condo was vacant on the petition date and apparently remains so today. (Debtor's Cert., ¶ 3) However, it is undisputed that the Debtor did not sell the Condo and never relinquished legal title to the property.

After filing, the Debtor stopped making payments to the Association and notified them of her bankruptcy. (*Id.* at ¶ 4) However, she did not list the Association as a creditor on her schedules. On May 1, 2009, the Chapter 7 Trustee abandoned the Condo and the Court had the automatic stay vacated on May 13, 2009. The Debtor received a discharge on June 12, 2009 and the case was closed shortly thereafter.

In March 2010, the Association commenced an action in state court to collect the unpaid post-petition condominium fees. (Mem. in Opp'n to Debtor's Mot., p. 2) ("Assoc.'s Mem.") While the action was pending, the Debtor filed a motion to reopen the bankruptcy case for the purpose of listing the Association as a creditor and providing notice of her filing. (Debtor's Cert., ¶ 8) She claimed the debt owed to the Association should have been included in her discharge. (*Id.*)

Ultimately, the state court action resulted in a Judgment for the Association in the amount of $5,255.58. (Assoc.'s Mem., p. 2) The Association subsequently obtained a levy on the Debtor's checking account. (*Id.*) In response, the Debtor filed the instant motion to compel the release of the levy, vacate the Judgment, and for costs.

## DISCUSSION

Section 523 of the Bankruptcy Code creates exceptions to the global discharge granted to individual debtors by section 727. *See* 11 U.S.C. §§ 523 and 727. Section 523(a)(16) clearly excepts post-petition condominium fees from discharge so long as the debtor maintains an "ownership interest" in the property:

>   (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–
>
>   (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership . . . <u>for as long as the debtor</u> . . . <u>has a legal, equitable, or possessory ownership interest in such unit</u> . . .[.] (Emphasis added)

11 U.S.C. § 523(a)(16). Here, the state court Judgment is for post-petition condominium fees. The Debtor continues to own the Condo, although she does not reside there. Interestingly, there is very little case law on the issue of what constitutes a "legal" ownership interest for the purposes of § 523(a)(16).

At the outset, it is important to note that prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the exception to dischargeability for post-petition fees applied only for the period a debtor *physically occupied* the property. The legislative history of the 2005 amendment makes it clear that Congress intended to broaden the scope of protection for condominium associations under § 523(a)(16). 4 COLLIER ON BANKRUPTCY ¶ 523.24 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (The 2005 amendment was intended to "broaden the protections accorded to community associations with respect to fees or assessments arising from the debtor's interest in a condominium" . . . "irrespective" of whether the debtor physically occupies the property. H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 88 *reprinted in* App. Pt. 10(b)).

*In re Heck*, 2011 Bankr. LEXIS 144 (Bankr. N.D. Cal. Jan. 14, 2011) is a case with facts similar to those presently before the Court. In *Heck*, the debtors filed a no-asset chapter 7 case along with a statement of intent to surrender over-encumbered properties. *Id.* Approximately one month after filing, the Chapter 7 Trustee filed a report of no distribution. *Id.* Thereafter, the debts were discharged and the case closed. *Id.* A year later, the debtors sought to reopen the case to enforce the discharge against their homeowners' association. *Id.* The debtors conceded that the association was attempting to collect post-petition debts but sought to compel their mortgagee to take legal title to the properties, effective as of the petition date, and to assume financial responsibility and finalize the foreclosure. *Id.* The bankruptcy court denied the motion to reopen the case because the collection efforts did not violate the discharge so long as the debtors continued to hold a legal interest in the properties and the fees were not dischargeable. *Id.*

Here, as in *Heck*, the Debtor stated her intention to surrender the property and forfeit her possessory rights, yet she still holds legal title. While the Court is sympathetic to her circumstances, it has no alternative but to interpret and enforce the statute as written by Congress. The 2005 amendment was clearly drafted to widen the scope of nondischargeability under § 523(a)(16) to include cases where the Debtor retained a legal ownership interest in a condominium unit. Accordingly, the Debtor's motion is denied. The Association's cross-motion

for fees is also denied because this is a case of first impression in this district. The Debtor's motion was made in good faith considering the scarcity of law on the issue.

## **CONCLUSION**

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

                                        Very truly yours,

                                        *s/ Donald H. Steckroth*

                                        DONALD H. STECKROTH
                                        UNITED STATES BANKRUPTCY JUDGE

Enclosure